IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRAVIS LUNSFORD                                                                          PLAINTIFF

V.                                              No.  16-5349

SHERI J. FLYNN, et al                                                                  DEFENDANTS

REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the Plaintiff's Section 1983 complaint (Doc. 1) filed December 2, 2016 and Motion to Amend (Doc. 6) filed December 15, 2016.  The court did not order service.

I.  Background

According to the Plaintiff's Complaint he received a six month parole violation "which has now turned into 18 month violation with no valid reason given for 1 year denial." (Id, p. 3).  In his Statement of Claim he contends that a condition of his parole was no internet access and that "parole officer Singular opinions of things such as what constitutes sexual images are also being used to violate parole." (Id.)[1]

II.  Discussion

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in which the Plaintiff seeks to proceed *in forma pauperis* (IFP).  Section 1915(e)(2)(B)(I-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the

---

[1] According to the Arkansas Department of Corrections web page the Plaintiff was convicted of Video Voyeurism out of Washington County, Arkansas in case number 2013-485 on August 8, 2013.

action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

In *Heck v. Humphrey* the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under a§ 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.*"  Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994)

The Heck rule was applied by the 8th Circuit in 2007 which held that "Applying Heck, we agree with the district court that the favorable-termination rule bars Entz's suit. If Entzi's challenge to the State's decision on sentence-reduction credits were to succeed, it "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. Therefore, the claim may be pursued only in an action for habeas corpus relief." *Entzi v.*

-2-

*Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007).

The Plaintiff's assertions contest the validity of his revocation and his contention is that he was illegally revoked.  To revoke probation or a suspended sentence, the burden is on the State to prove a violation of a condition by a preponderance of the evidence, and on appellate review the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992). Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. Id. *Thompson v. State*, 342 Ark. 365, 368-69, 28 S.W.3d 290, 292 (2000).  The Plaintiff has offered no proof that the hearing officers findings were not supported by the evidence.  Even so, since the Plaintiff has failed to allege or show that his revocation has been invalidated his claim under section 1983 cannot proceed.

The Plaintiff's Motion to Amend (Doc. 6) contends that the Parole Board are using the "SOCNA level as a means and basis for their actions" and that government agencies should not be allowed to use this. The Plaintiff's Motion is again attacking the validity of his parole violation and the Section 1983 action cannot proceed until the conviction is properly challenged and won in a habeas action.

### III.  Conclusion

I recommend that the Complaint filed under 42 U.S.C. §1983 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**, and that the Motion to Amend (Doc. 6) be **DENIED.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The**

**parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    Dated this December 16, 2016

                                            /s/ J. Marschewski
                                          HON. JAMES R. MARSCHEWSKI
                                        U. S. MAGISTRATE JUDGE