# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**TRAVIS LUNSFORD**                                                                                          **PLAINTIFF**

**V.**                                         **CASE NO. 5:16-CV-05349**

**SHERI J. FLYNN, Administrator
of the Sex Offender Community
Notification Assessment Program (SOCNA);
Sex Offender Assessment Committee;
Jennifer Dean, Director of the
Sex Offender Parole Officers
in Washington County, Arkansas; and
Danell Willing, Sex Offender Parole Officer,
Carroll County, Arkansas**                                                                **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 7) filed in this case on December 16, 2016, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, regarding Plaintiff Travis Lunsford's civil rights case submitted pursuant to 42 U.S.C. § 1983. Judge Marschewski conducted a pre-service screening of the Complaint as per 28 U.S.C § 1915(e), and also screened Lunsford's first Motion to Amend the Complaint (Doc. 6). Following that review, Judge Marschewski recommended that the Motion to Amend be denied and the Complaint be dismissed due to frivolousness and/or failure to state claims upon which relief may be granted. In response, Lunsford, who is proceeding *pro se* and *in forma pauperis*, filed timely Objections to the R&R (Doc. 9) and a second Motion to Amend the Complaint (Doc. 10), which asks that Defendants Jennifer Dean and Danell Willing be dismissed and that the lawsuit proceed against the remaining Defendants "to change [the] current leveling

1

system" for sex offender classification. In response to Lunsford's Objections, the Court conducted a *de novo* review of the record in accordance with 28 U.S.C. § 636(b)(1)(c).

Lunsford's original Complaint asserts that he was convicted of a parole violation "which has now turned into an 18 month violation with no valid reason given for 1 year denial." (Doc. 1, p. 3). Though his Complaint is focused on his own parole case, he also includes a more general critique of the state of Arkansas for using "a leveling system based on an inaccurate and unprofessional interview by unqualified personal [sic]," and of his own parole officer, Defendant Willing, who, in Lunsford's view, "should never determine who she can and cannot violate and for what." *Id.*

In his first Motion to Amend (Doc. 6), he adds several details to original Complaint in an attempt to explain his belief that his parole status was wrongly revoked. In particular, he maintains: "The actual crime that I committed in the state (Arkansas) is not a crime in 29 other states. In most others it is a misdemeanor, and in all but 2, it is not a sex offender status worthy crime unless I maliciously or otherwise purposefully posted the private videos to a public forum which I did not." *Id.* at p. 1. He then opines: "There are crimes that clearly deserve to place those who commit them on a community watch list and there are those which do not. It is my contention that mine, which involved consensual adult relations in the privacy of my own home and without any sort of violation of privacy by public posting is one of those non registry crimes." *Id.*

In reviewing the entire case file, including Lunsford's Objections, the Court agrees with Judge Marschewski's observation that both the Complaint and proposed first amended complaint clearly assert claims that would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A state prisoner may not use § 1983 to attack the validity of his parole

2

violation and conviction unless he first challenges the conviction in state court and wins in a habeas action. *See Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (finding that if a § 1983 plaintiff's case necessarily implies the invalidity of his conviction or sentence, "the claim may be pursued only in an action for habeas corpus relief"). Because Lunsford has failed to either challenge his parole violation conviction in state court or succeed in a habeas action, he cannot pursue the relief he seeks in this Court.

Lunsford protests in his Objections that his case should not be dismissed, as his lawsuit is not an attempt to "contest[] the validity of a parole revocation or try[] to recover damages due to an unconstitutional conviction," but instead is a more general effort to combat "discrimination and abuse of power based on an outdated and faulty leveling system by SOCNA." (Doc. 9, p. 1). The Court disagrees. Although Lunsford contends that he is merely "looking for a change in this state's community notification system," *id.*, rather than a reversal of his own conviction, the text of his own Objection belies the truth: he repeatedly circles back to recite the facts surrounding his own conviction, and he concludes his Objections by observing that he is "being denied a life that normal citizens enjoy" by virtue of his sex offender status and restrictions. *Id.* As Lunsford's case is *Heck*-barred, it cannot proceed further in this Court.

**IT IS THEREFORE ORDERED** that the R&R (Doc. 7) is **ADOPTED IN ITS ENTIRETY**. The first Motion to Amend (Doc. 6) is **DENIED**, as it fails to cure the defects in the original Complaint; the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for frivolousness and/or for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); and the second Motion to Amend (Doc. 10) is **DENIED AS MOOT**.

**IT IS SO ORDERED** on this 22nd day of February, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE